B 210A (Form 210A) (12/09)

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA (MIAMI)

In re: Fernando Marcelo Alpern                             Case No. 12-29544

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| <u>Deutsche Bank National Trust Company</u><br>C/O OCWEN LOAN SERVICING, LLC | Homeward Residential, Inc.<br>Bankruptcy Department<br>1525 S. Beltline Rd Suite 100<br>Coppell, Texas 75019 |
| <u>Name of Transferee</u> | <u>Name of Transferor</u> |

**Name and Address where notices to transferee Should be sent:**
Ocwen Loan Servicing, LLC
Attn: Bankruptcy Department
P.O. Box 24605
West Palm Beach, FL 33416-4605

Court Claim # (if known): 14-1
Amount of Claim: $785982.87
Date Claim Filed: 01/30/2013

Phone:    1-888-554-6599

Phone:  NA

Last Four Digits of Acct #:  **4562**

Last Four Digits of Acct. #: **0005**

**Name and Address where transferee payments Should be sent (if different from above):**
Ocwen Loan Servicing, LLC
Attn: Cashiering Department
P.O. Box 24781
West Palm Beach, FL 33416-4781

Phone:    1-888-554-6599

Last Four Digits of Acct #:  **4562**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ Vanessa Mass_   Vanessa Mass   Date: 9/4/13
    Transferee/Transferee's Agent
    Contract Management Coordinator

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

LIMITED POWER OF ATTORNEY

2736

KNOW ALL MEN BY THESE PRESENTS, that Deutsche Bank National Trust Company, a national banking association organized and existing under the laws of the United States, and having its usual place of business at 1761 East St. Andrew Place, Santa Ana, California, 92705, as Trustee (the "Trustee") pursuant to that Pooling and Servicing Agreement (the "Agreements") listed on the attached Exhibit A hereby constitutes and appoints Homeward Residential as successor to American Home Mortgage Servicing, Inc. as successor to Citi Residential Lending Inc. as successor to Ameriquest Mortgage Company, as Master Servicer and Servicer (the "Servicer"), hereby constitutes and appoints the Servicer, by and through the Servicer's officers, the Trustee's true and lawful Attorney-in-Fact, in the Trustee's name, place and stead and for the Trustee's benefit, in connection with all mortgage loans serviced by the Servicer pursuant to the Agreement solely for the purpose of performing such acts and executing such documents in the name of the Trustee necessary and appropriate to effectuate the following enumerated transactions in respect of any of the mortgages or deeds of trust (the "Mortgages" and the "Deeds of Trust" respectively) and promissory notes secured thereby (the "Mortgage Notes") for which the undersigned is acting as Trustee for various certificate holders (whether the undersigned is named therein as mortgagee or beneficiary or has become mortgagee by virtue of endorsement of the Mortgage Note secured by any such Mortgage or Deed of Trust) and for which Homeward Residential as successor to American Home Mortgage Servicing, Inc. as successor to Citi Residential Lending Inc. as successor to Ameriquest Mortgage Company is acting as the Servicer.

This Appointment shall apply only to the following enumerated transactions and nothing herein or in the Agreement shall be construed to the contrary:

1. The modification or re-recording of a Mortgage or Deed of Trust, where said modification or re-recording is solely for the purpose of correcting the Mortgage or Deed of Trust to conform same to the original intent of the parties thereto or to correct title errors discovered after such title insurance was issued; provided that (i) said modification or re-recording, in either instance, does not adversely affect the lien of the Mortgage or Deed of Trust as insured and (ii) otherwise conforms to the provisions of the Agreement.

2. The subordination of the lien of a Mortgage or Deed of Trust to an easement in favor of a public utility company of a government agency or unit with powers of eminent domain; this section shall include, without limitation, the execution of partial satisfactions/releases, partial reconveyances or the execution or requests to trustees to accomplish same.

3. The conveyance of the properties to the mortgage insurer, or the closing of the title to the property to be acquired as real estate owned, or conveyance of title to real estate owned.

4. The completion of loan assumption agreements.

5. The full satisfaction/release of a Mortgage or Deed of Trust or full conveyance upon payment and discharge of all sums secured thereby, including, without limitation, cancellation of the related Mortgage Note.

6. The assignment of any Mortgage or Deed of Trust and the related Mortgage Note, in connection with the repurchase of the mortgage loan secured and evidenced thereby.

7. The full assignment of a Mortgage or Deed of Trust upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof, including, without limitation, the assignment of the related Mortgage Note.

8. With respect to a Mortgage or Deed of Trust and the property or properties encumbered thereby, the taking of a deed in lieu of foreclosure, or the initiation, prosecution and completion of judicial or non-judicial foreclosure or the termination, cancellation or rescission of any such foreclosure, the initiation, prosecution and completion of eviction actions or proceedings, or the termination, cancellation or rescission of any such eviction actions or proceedings, including, without limitation, any and all of the following acts:

   a. the substitution of trustee(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;

   b. the preparation and issuance of statements of breach or non-performance;

   c. the preparation and filing of notices of default and/or notices of sale;

   d. the cancellation/rescission of notices of default and/or notices of sale;

   e. the taking of deed in lieu of foreclosure;

   f. the preparation and service of notices to quit and all other documents necessary to initiate, prosecute and complete evictions actions or proceedings; and

   g. the preparation and execution of such other documents and performance of such other actions as may be necessary under the terms of the Mortgage, Deed of Trust or state law to expeditiously complete said transactions in paragraphs 8.a. through 8.e.

9. With respect to the sale of property acquired through a foreclosure or deed-in lieu of foreclosure, including, without limitation, the execution of the following documentation:
   a. listing agreements;
   b. purchase and sale agreements;
   c. grant/warranty/quit claim deeds or any other deed causing the transfer of title of the property to a party contracted to purchase same;
   d. escrow instructions; and
   e. any and all documents necessary to effect the transfer of property.

10. The modification or amendment of escrow agreements established for repairs to the mortgaged property or reserves for replacement of personal property.

The undersigned gives said Attorney-in-Fact full power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into effect the power or powers granted by or under this Limited Power of Attorney as fully as the undersigned might or could do, and hereby does ratify and confirm to all that said Attorney-in-Fact shall be effective as of **June 12, 2012.**

2

This appointment is to be construed and interpreted as a limited power of attorney. The enumeration of specific items, rights, acts or powers herein is not intended to, nor does it give rise to, and it is not to be construed as a general power of attorney.

Nothing contained herein shall (i) limit in any manner any indemnification provided by the Servicer to the Trustee under the Agreement, or (ii) be construed to grant the Servicer the power to initiate or defend any suit, litigation or proceeding in the name of Deutsche Bank National Trust Company except as specifically provided for herein. If the Servicer receives any notice of suit, litigation or proceeding in the name of Deutsche Bank National Trust Company, then the Servicer shall promptly forward a copy of same to the Trustee.

This limited power of attorney is not intended to extend the powers granted to the Servicer under the Agreement or to allow the Servicer to take any action with respect to Mortgages, Deeds of Trust or Mortgage Notes not authorized by the Agreement.

The Servicer hereby agrees to indemnify and hold the Trustee and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of or in connection with the exercise by the Servicer of the powers granted to it hereunder. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the Agreement or the earlier resignation or removal of the Trustee under the Agreement.

This Limited Power of Attorney is entered into and shall be governed by the laws of the State of New York, without regard to conflicts of law principles of such state.

Third parties without actual notice may rely upon the exercise of the power granted under this Limited Power of Attorney; and may be satisfied that this Limited Power of Attorney shall continue in full force and effect and has not been revoked unless an instrument of revocation has been made in writing by the undersigned.

IN WITNESS WHEREOF, Deutsche Bank National Trust Company, as Trustee has caused its corporate seal to be hereto affixed and these presents to be signed and acknowledged in its name and behalf by a duly elected and authorized signatory this **12th day of June 2012**.

Deutsche Bank National Trust Company, as Trustee

By: _____
Name: Cindy Lai
Title: Associate

Prepared by:

_____
Name: Jenny Pilapil

Witness:
_____
Gisselle Picard

Witness:
_____
Mei Nghia

State of California}
County of Orange}

On **June 12, 2012** before me, Ann Phung Notary Public, personally appeared Cindy Lai, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____
Notary signature

ANN PHUNG
Commission # 1863282
Notary Public - California-
Orange County
My Comm. Expires Aug 30, 2013

4

Exhibit A

4104  1. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W1

4106  2. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W2

4107  3. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W3

4108  4. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W4

4109  5. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W5

4110  6. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W6

4111  7. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W7

4112  8. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W8

4113  9. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W9

4105  10. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W10

4115  11. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W1

4118  12. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W2

4119  13. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W3

4120  14. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W4

4121  15. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W5

4122  16. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W6

4123  17. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W7

4124  18. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W8

4125  19. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W9

4114  20. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-PW1

4116  21. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W10

4117  22. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W11

4127  23. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W2

4128  24. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W3

4129 25. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W4

4130 26. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W5

4134 27. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W1

4135 28. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W2

4136 29. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W3

4137 30. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W4

4138 31. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W5

4131 32. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-M1

4132 33. Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-M2