

**ORDERED in the Southern District of Florida on October 16, 2013.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DADE DIVISION**

In re:                                           Case No. 12-29544-RAM
Fernando Marcelo Alpern                          Chapter 13
        Debtor
_____/

**ORDER OF REFERRAL TO LOSS MITIGATION MEDIATION**

This matter came before the Court upon the Attorney-Represented Debtor's Verified

Motion for Referral to Loss Mitigation Mediation ("Verified Motion").

☒        The Debtor filed the LMM Local Form "Certificate of No Response and

        Request for Entry of Order of Referral to Loss Mitigation" indicating that  the

    Lender or other interested party has failed to file a timely response or     objection; **OR**

☐        The Debtor filed the LMM Local Form "Certificate of Contested Matter"

    indicating that a timely response objecting to the Verified Motion was filed

LMM-LF-08 (04/01/13)

by the Lender or other interested party, and the Court held a hearing on

_____;

            **OR**

☐      The Lender filed the LMM Local Form "Lender's Consent to Attend and

Participate in Loss Mitigation Mediation".

The Court, having considered the Verified Motion and being otherwise fully advised in the

premises, it is

      **ORDERED** as follows:

1.      The Verified Motion is granted.

2.      The Debtor and Lender are required to participate in loss mitigation mediation

("LMM") in good faith.  LMM shall be completed no later than 150 days from the

date of this Order unless both parties agree to extend this deadline.

3.      All communications and information exchanged during LMM are privileged and

confidential as provided by Federal Rule of Evidence 408 and Chapter 44 of the

Florida Statutes, and shall be inadmissible in any subsequent proceeding.

4.      Lender and, if applicable, Lender's counsel, shall register with the approved

portal ("LMM Portal"), unless already registered, within seven days after entry of

this Order.  If the Lender fails to register, the Debtor may file a motion with the

Court seeking sanctions against the Lender for Lender's failure to register**.**

5.      Debtor's attorney, shall, within seven days after entry of this Order, or the

Lender's registration on the LMM Portal, whichever occurs later, remit to the

LMM Portal the required non-refundable LMM Portal submission fee in the

LMM-LF-08 (04/01/13)

amount $25.00, and upload to the LMM Portal the following (collectively, the "Completed Package"):

a.      Debtor's Prepared Package (as defined in the Verified Motion);

b.      a copy of this Order; and

c.      any additional lender-specific information identified by Lender on the LMM Portal.

6.      <u>Robin Weiner</u> shall serve as the LMM Mediator ("Mediator") in this case. The Mediator's contact information is:

Address:  <u>151 N. Nob Hill Road, Suite #132, Plantation, FL 33324</u>

Email address: <u>impartialmediator@gmail.com</u>

Telephone number: <u>754-227-9449</u>

7.      Debtor's attorney shall assign the Mediator as the mediator in this case on the LMM Portal when uploading the Completed Package to the LMM Portal and email a copy of this Order to the Mediator at the address listed above immediately upon receipt.

8.      The Mediator shall be governed by the standards of professional conduct set forth in the Florida rules for certified and court-appointed mediators and shall have judicial immunity in the same manner and to the same extent as a judge.

9.      The Mediator, subject to paragraph 10 below, shall be compensated in the amount of $600.00 for preparation for LMM, execution of required documents, facilitation of document and information exchange between the parties, and participation in no more than two one-hour LMM conferences.  The Mediator

LMM-LF-08 (04/01/13)

shall be compensated at the rate set by this Court's Local Rule 9019-2(6) for any LMM conferences that extend beyond the initial two one-hour conferences.

10.    The Mediator's fee shall be paid equally by the parties as follows:

a.    ☒    The Debtor shall pay a non-refundable fee in the amount of $300.00 directly to the Mediator within seven days after entry of this Order; **OR**

☐    The Court finds that the Debtor qualifies for a Mediator *pro bono*. The Mediator shall notify the Court and the Debtor immediately by motion if the Mediator is not willing to serve *pro bono* and state in the motion to be excused from *pro bono* mediation, the reasons why the Mediator seeks to be excused.

b.    The Lender shall pay a non-refundable fee in the amount of $300.00 directly to the Mediator within seven days after entry of this Order.

c.    The Mediator's fee for LMM conferences that extend beyond two, one-hour conferences, shall be paid equally by the parties (unless the Debtor is receiving pro bono mediation, in which case the Lender shall pay its half) and is due and payable at the beginning of each successive LMM conference in accordance with the program procedures.

11.    The Mediator shall log in to the LMM Portal within seven days after entry of this Order and use the LMM Portal to facilitate the exchange of information and documentation between Debtor and Lender in an effort to perfect the documentation needed for Lender to complete its analysis of Debtor's loss mitigation options. If the Mediator either fails to timely register or log in to the

LMM-LF-08 (04/01/13)

LMM Portal to begin to facilitate the LMM process, any party to the mediation may file a motion requesting that the Mediator be removed from this case and, if applicable, be removed from the Clerk's Mediation Register.

12.     In the event the Lender requires additional information to consider the Debtor's requested loss mitigation options as specified in the Verified Motion, the Lender shall so notify Debtor through the LMM Portal within seven days of Debtor's submission ("Notice").  The Debtor shall provide all additional documents through the LMM Portal within seven days of the Notice.

13.     All communication between the parties to the mediation shall be sent through the LMM Portal.

14.     The Lender shall designate its single point of contact and its outside legal counsel (if any) on the LMM Portal.  Such Lender's counsel or representative shall have the authority (within the investor's guidelines) to settle and will attend and continuously participate in all LMM conferences in this case.

15.     The Mediator shall schedule the initial LMM conference no later than seven days after determining that the Lender has received and reviewed all requested information.  In the event the Mediator cannot determine that the Lender has received all the requested information, the Mediator shall schedule the initial LMM conference within 60 days of this Order.  The initial LMM conference shall not exceed one hour.  The Mediator shall report the scheduling of all LMM conferences on the LMM Portal.

16.     The Lender and Lender's representative may participate in the LMM conference by telephone.

LMM-LF-08 (04/01/13)

17.     The Debtor and any co-obligors/co-borrowers or other third party may participate in the LMM conference by telephone provided they are physically present with Debtor's attorney and present identification to Debtor's attorney counsel during all LMM conferences.

18.     The Debtor shall provide a foreign language interpreter, if necessary, at the Debtor's own expense.

19.     All parties attending the LMM conference must be ready, willing and able to sign a binding settlement agreement at the LMM conference and have the ability to scan, send and receive documents by facsimile, email or other electronic means at the time of the LMM conference.

20.     In the event the parties are unable to reach an agreement and require an additional LMM conference, the Mediator shall schedule a final LMM conference no later than 30 days thereafter.  The final LMM conference shall not exceed one hour.

21.     In the event the parties reach a final resolution or, if no agreement has been reached, the Mediator shall report the results of the LMM on the LMM Portal not later than seven days after the conclusion of the final LMM conference.  The Mediator shall also complete and file with the Court, either conventionally or via CM/ECF, the LMM Local Form "Final Report of Loss Mitigation Mediator", within two business days following entry of the "Final Report" data on the LMM Portal.

22.     Debtor's attorney shall file the LMM Local Form "Motion to Approve Loss Mitigation Agreement with Lender", if applicable, no later than 14 days following the filing of the Final Report.  The parties shall also seek any necessary Court

LMM-LF-08 (04/01/13)

approval and formalize any required legal documents in a timely fashion thereafter.

23.     The automatic stay is modified to the extent necessary to facilitate LMM pursuant to this Order.

24.     Any of the deadlines imposed by this Order may be extended by order of the Court.

25.     The Court may impose sanctions against any parties or counsel who do not comply with the terms of this Order.

26.     The Debtor's attorney shall serve a copy of this Order on all parties to the mediation, immediately upon receipt.  Service shall be by regular U.S. Mail, electronic service, or email, if the party's email address is known.

###

Submitted By:
NOWACK & OLSON, PLLC
Attorney for Debtor(s)
8180 NW 36th Street, Suite 209
Miami, FL 33166
(305) 698-2265

**Sent Via 1st Class Mail:**
• Ocwen Loan Servicing, LLC, Attn: Corporation Service Company, as registered agent, 1201 Hays Street, Tallahassee, FL 32301-2525

Served E-mail:
• Mediator – Robin Weiner Impartialmediator@gmail.com

LMM-LF-08 (04/01/13)